IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HOWARD SCOTT BREWSTER and MELANIE BREWSTER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 3:11cv872-WHA |
| SOUTHERN HOME RENTALS, LLC, | ) ) ) | (wo) |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause is before the court on a Motion for Partial Summary Judgment (Doc. #36), filed by Southern Home Rentals, LLC ("Southern Home") on August 21, 2012.

The Plaintiffs, Howard Scott Brewster and Melanie Brewster (collectively "the Brewsters"), filed a Complaint on October 12, 2011; an Amended Complaint on June 7, 2012; and a new Amended Complaint, for the purpose of particularly stating diversity of citizenship, on November 14, 2012. The Plaintiffs have not pled separately denominated counts, but state that they seek to hold Southern Home liable for negligence, and that they seek punitive damages for wantonness.

Southern Home filed its Motion for Partial Summary Judgment seeking summary judgment as to claims of wantonness; negligent/wanton hiring, supervision, training, and retention; and negligent entrustment; and on the issue of the applicability of statutory damages caps. The Plaintiffs requested oral argument, and the court held oral argument on the motion on October 10, 2012.

For the reasons to be discussed, based on the briefs and oral argument, the Motion for Partial Summary Judgment is due to be DENIED in part and GRANTED in part.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion," relying on submissions "which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. Once the moving party has met its burden, the nonmoving party must "go beyond the pleadings" and show that there is a genuine issue for trial. *Id.* at 324.

Both the party "asserting that a fact cannot be," and a party asserting that a fact is genuinely disputed, must support their assertions by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56 (c)(1)(A),(B). Acceptable materials under Rule 56(c)(1)(A) include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."

To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, the evidence of the nonmovant must be

believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

### III. FACTS

The submissions of the parties establish the following facts, construed in a light most favorable to the non-movants:

This case arises from a two vehicle collision in Opelika, Alabama. Southern Home owns the van which was being driven by its employee April Jones ("Jones"). Howard Brewster was driving a Harley Davidson motorcycle when he collided with the van owned by Southern Home. It is undisputed in this case that Jones caused the accident through her own negligence, and that she was driving in the line and scope of her employment with Southern Home.

Jones had been cleared to drive by Southern Home's insurance carrier. Jones disclosed at the time of her hiring that she had had two speeding tickets. Her driving record reveals three speeding tickets. Shortly after her hire, in April 2011, Jones had an accident in which her vehicle hydroplaned, left the roadway, and struck a tree. She states that she reported this accident to her store manager, but no report reached the Southern Home corporate office.

### IV. DISCUSSION

Southern Home seeks summary judgment on the Brewsters's claim for wantonness; the claims for negligent or wanton hiring, retaining, training, or entrustment; and on the issue of

whether Southern Home is a small business within the meaning of *Ala. Code* § 6-11-21(c). In response, the Brewsters state that they do not claim that April Jones's conduct was wanton so as to render Southern Home liable for wantonness, and they concede that the caps of *Ala. Code* § 6-11-21(c) apply. (Doc. #40 at p.7). The Motion for Summary Judgment is due to be DENIED as moot as to those issues, therefore.

The Brewsters contend that there are questions of fact as to whether Southern Home was negligent in allowing Jones to drive, and whether the evidence is sufficient to allow a jury to consider wantonness. Accordingly, the court turns to the negligence and wantonness claims.

### A. Negligence

The Brewsters contend that all of their theories of negligent hiring, retention, supervision, and entrustment are related and can be addressed as a claim for negligent entrustment.

To establish a claim for negligent entrustment under Alabama law, a plaintiff must show (1) an entrustment; (2) to an incompetent; (3) with knowledge that he is incompetent; (4) proximate cause; and (5) damages. *Prill v. Marrone.* 23 So. 3d 1, 8 (Ala. 2009) (quotation omitted). Under Alabama law, the heart of the competency issue is whether the Brewsters's evidence bears on Jones's "ability (or inability) to properly drive a vehicle." *Halford v. Alamo Rent-A-Car*, 921 So. 2d 409, 413-14 (Ala. 2005).

The Brewsters point to evidence that Jones received seven speeding tickets prior to being hired by Southern Home, and had a hydroplaning wreck that was her fault shortly after starting work with Southern Home. The Brewsters also point to a document, "Criteria for Driving Privileges," which they represent is a Southern Home policy which states that if an employee has three or more minor moving violations, the employee will not be eligible to drive. The

Brewsters finally point to evidence that Southern Home's policy requires notification of any wrecks of its drivers, that Jones told her supervisor that she had a wreck, and that Southern Home was not notified of the accident, in violation of policy. (Pl. Ex. F at p. 54:1-12).

Southern Home argues that the evidence does not support that Jones had seven speeding tickets. In her deposition, Jones answered that she had had two speeding tickets, and when the questioner asked for the estimate of the number of tickets she had had in her entire life, she said "maybe seven," and then "six." (Jones Dep. p. 122:23-123:5). Southern Home states that her driving abstract reveals that she had three speeding tickets. Southern Home further states that the only evidence that the April 12, 2011 hydroplaning accident was Jones's fault is a conclusion by an officer, who did not witness the accident, based on a hearsay statement. When she was hired, Jones disclosed two speeding tickets.

Southern Home did not initially address the "Criteria for Driving Privileges" identified by the Brewsters as a policy of Southern Home, except to cite to testimony from its corporate representative that the Southern Home procedure at the time of employee hire was to refer the applicant to the insurance company for clearance as a driver. In part because it was unclear from the summary judgment record what role the identified policy played in Southern Home's operations, the court held oral argument on the Motion for Partial Summary Judgment. Southern Home took the position at oral argument that the policy is contained within an employee handbook and only applies after the point of hire. Southern Home further stated that the policy does not look retrospectively at minor traffic violations, but only prospectively. There is no evidence in the record to establish this application of the policy, however. The court concludes, therefore, that Southern Home has not sufficiently established that the policy has no

5

bearing on the inquiry in this case.

Southern Home states that it reasonably relied upon proof of its driver's insurability through its insurance agent to determine whether an employee is fit to drive.  Southern Home also states that the evidence does not demonstrate that Jones was an incompetent driver, or establish causation.

The court is satisfied that the evidence in the summary judgment record, including evidence of Jones's three speeding tickets, her accident subsequent to hire, and violations of two Southern Home policies, viewed in a light most favorable to the non-movants, is sufficient to create a jury question as to the negligent entrustment claim.  At a pre-trial conference held in this case on November 19, 2012, the court advised counsel that the case would be allowed to go forward on this negligence claim, and counsel for the Defendant then conceded liability as to the negligent entrustment claim.  Therefore, summary judgment is due to be DENIED as to the claim of negligent entrustment.

### B.  Wantonness

Wantonness under Alabama law is the "conscious doing of some act or the omission of some duty while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Lafarge North America, Inc. v. Nord*, 86 So. 3d 326, 333 (Ala. 2011) (quotation and citations omitted).  Under Alabama law, "conscious" is "perceiving, apprehending, or noticing with a degree of controlled thought or observation: capable of or marked by thought, will, design, or perception; having an awareness of one's own existence, sensations, and thoughts, and of one's environment; capable of complex response to environment; deliberate." *Id.*  Consciousness "is not to be confused with negligence

(i.e., mere inadvertence)." *Id.*

Negligent and wanton entrustment both require a showing that the employer knew that the employee was incompetent. *Bruck v. Jim Walter Corp.*, 470 So. 2d 1141, 1144 (Ala. 1985). The two torts are not, however, the same. *See Hetzel v. Fleetwood Trucking Co., Inc.*, 90 So. 3d 180, 183 (Ala. Civ. App. 2012) (finding that there was no final judgment where summary judgment was granted as to a negligent entrustment claim but not a wanton entrustment claim). Wanton entrustment requires a showing that Defendant entrusted the vehicle "while knowing that that entrustment would likely or probably result in injury to others." *Jordan ex rel. Jordan v. Calloway*, 7 So. 3d 310, 317 (Ala. 2008).

The Brewsters argue that sufficient evidence of wantonness has been presented through Southern Home's failure to inquire further into Jones's tickets, and Southern Home's violations of it own policies. (Doc. #40 at p.40-41). They cite *Alabama Power Co. v. Beam*, 472 So. 2d 619, 627 (Ala. 1985), for the proposition that violation of a company's policy can constitute conscious disregard, but that case was not a wanton entrustment case, so is distinguishable.

Jones told Southern Home that she had two previous speeding tickets, but Southern Home had no actual knowledge of any additional tickets. Southern Home also did not know, but should have known, pursuant to its own policy, that Jones had a hydroplaning accident after she was employed. Southern Home had been told by its insurance carrier that Jones had been determined to be an acceptable insurance risk. While satisfying the negligence standard, the evidence in this case does not rise to the level of knowledge that the entrustment would likely or probably result in injury to others. Therefore, the Motion for Summary Judgment is due to be GRANTED as to wantonness claim.

## V. CONCLUSION

For the reasons discussed, the Motion for Partial Summary Judgment (Doc. #36) is due to be and is hereby ORDERED DENIED as to the negligent entrustment claim, and ORDERED DENIED as moot as discussed above.

It is further ORDERED that the Motion for Summary Judgment is GRANTED as to the wanton entrustment claim, and judgment is entered in favor of Southern Home Rentals, LLC and against Howard Scott Brewster and Melanie Brewster on the wanton entrustment claim.

The case will proceed to trial on the Brewsters's negligence claims.

Done this 19th day of November, 2012.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE