IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HOWARD SCOTT BREWSTER and<br>MELANIE BREWSTER, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | ) | Civil Action No.  3:11cv872-WHA |
| SOUTHERN HOME RENTALS, LLC, | )<br>)<br>) | (wo) |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

This cause is before the court on a Motion to Exclude Testimony of Kathy Willard (Doc. #51).

Southern Home Rentals, LLC ("Southern Home") seeks to exclude the testimony of Kathy Willard ("Willard") pursuant to Fed. R. Evid. 702.

The admissibility of expert testimony is governed by Fed. R. of Evid. 702 which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Rule 702, as interpreted by the Supreme Court, "assign[s] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."  *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587 (1993).  This "gatekeeping"

function is important "to ensure that speculative, unreliable expert testimony does not reach the jury under the mantle of reliability that accompanies the appellation expert testimony." *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir. 2005) (citing *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1256 (11th Cir. 2002)). "Indeed, no other kind of witness is free to opine about a complicated matter without any firsthand knowledge of the facts in the case...." *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004). As a gatekeeper the court must do "a preliminary assessment of whether the reasoning or methodology properly can be applied to the facts in issue."*Daubert*, 509 U.S. at 593-94.

In determining the admissibility of expert testimony under Rule 702, the trial court must conduct "a rigorous three part inquiry," considering whether: (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. *Frazier*, 387 F.3d at 1260 (quoting *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir.1998).

With regard to Willard, Southern Home argues that her opinions are not reliable because the medical expense portion of Willard's report is not based on sound data, but is instead based on conjecture and speculation, and is not relevant. Southern Home relies, at least in part, on Howard Brewster's prognosis from his physician, Dr. Lyle. The Brewsters respond that Willard's opinion is based on, and not in conflict with, Dr. Lyle's medical evidence. They also point out that Willard sent her rehabilitation assessment to Dr. Lyle and he stated that he found it

to be very accurate and did not see anything that needed to be changed.

In her deposition, Willard agreed with the question that she did not have an idea as to the sort of dollar value she would put on the potential loss of Brewster's ability to maintain his current employment long term. (Doc. 51, Ex. 2, p.21:6-10). She stated in her deposition that his future medical treatment may require him to be retrained and it will be harder for him to be retrained in his forties or fifties than it is to be retrained at his current age. (*Id.* at p.21: 13-17).

The court agrees with Southern Home that it is somewhat difficult to discern what opinion Willard plans to offer in this case. It appears that her opinion is that if Mr. Brewster undergoes the future medical treatment which Dr. Lyle has indicated he will require, and if he were to change to another shop which would not accommodate him as his current employer does, and if he is in his 50's when he needs an additional knee replacement, retraining would not be probable at that time, and "an early withdrawal from world of work would be anticipated."

Brewster has claimed loss of earning capacity in this case. Under Alabama law, there is a rebuttable presumption that a plaintiff who is earning after an accident what he earned before the accident has not suffered a loss of earning capacity. *Abex Corp. v. Coleman*, 386 So.2d 1160, 1162 (Ala. Civ. App. 1980). A plaintiff can rebut the presumption, however. *Id.* In *Abex*, the court upheld a finding that the presumption had been rebutted, relying on evidence that the plaintiff's geographic area of employment was limited, that his present job was the only one he could find, that he worked for a small firm where he had a personal relationship with the foreman, and that his medical history could be a deterrent to future employment. *Id.* at 1163.

Willard has some expertise, as reflected in the record, but that expertise does not extend to offering a medical opinion. Her opinion as to Brewster's reduced earning capacity based on

the limitations on his ability to find employment other than his current position may assist the trier of fact in evaluating Brewster's earning capacity. The court will, therefore, reserve ruling on whether Willard will be allowed to testify, in light of the medical testimony presented at trial, but the Plaintiffs are not to refer to Willard's opinions without first taking up their admissibility outside of the presence of the jury.

For the foregoing reasons, it is hereby ORDERED that the Motion to Exclude Testimony of Kathy Willard (Doc. #51) is GRANTED to the extent that Plaintiffs are not to refer to Willard's opinions without first taking up their admissibility outside of the presence of the jury.

DONE this 4th day of December, 2012.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE