IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

HOWARD SCOTT BREWSTER and  )
MELANIE BREWSTER,          )
                           )
         Plaintiffs,       )
                           )
v.                         )          Civil Action No.  3:11cv872-WHA
                           )
SOUTHERN HOME RENTALS, LLC, )                (wo)
                           )
         Defendant.        )

ORDER

This cause is before the court on objections to deposition designations which have been filed by the Plaintiffs and by the Defendant.

After the objections to designations were filed, the parties requested a telephone conference with the court, and filed a Joint Listing of Deposition Objections Needing Court Ruling (Doc. #102).

The court conducted a telephone conference on December 6, 2012, during which the parties argued their objections to the deposition designations still in contention, and the court indicated then, and it is hereby ORDERED as follows:

A. As to the objections to Dr. Win Lyle's deposition testimony at the following pages:

51:23-52:3   this objection is SUSTAINED because the question is leading.

52:18-54:22 the objection is OVERRULED, however, the only portion of Exhibit #44, referenced within the deposition, which can be shown to the jury based on this deposition testimony is page one, and the cost amounts on that page must first be redacted.

59:5-59:18 the objection to the potential complications of knee replacement surgery is

OVERRULED.

102:12–102:26 and 119: 7–120:4–the objection is OVERRULED as to testimony concerning Kathy Willard's presence in Dr. Lyle's office, although this point appears to be one relevant only to impeachment.

114:17-115:6 is leading and the objection is SUSTAINED.  Because the testimony is more fully developed after these lines, during the status conference the Plaintiffs counter-designated lines 115:17–116:1.

B.  As to the objections to Dr. Meadows's deposition at page 39:19–41:12 the objection is SUSTAINED.  While the court understands from the parties that although there is a stipulation as to the bills owed by the Brewsters, the Defendant still contends some of those amounts may be reduced by the doctors, the testimony designated does not sufficiently support that point to be relevant, and the issue itself is so speculative as to be irrelevant, and even if there is some probative value, it is substantially outweighed by the danger of confusion of the issues and misleading the jury pursuant to *Fed. R. Evid.* 403.

C.  As to the objections to Chris Hedberg's deposition at the following pages:

21:7–22:8–the objection to the description of Brewster's injuries at the scene is OVERRULED.

24:23–25:01 and 26:12–26:21–the objection to Hedberg's opinion that Brewster had done nothing wrong, did not cause the accident, and was a cautious driver is SUSTAINED because such evidence is irrelevant in this case, in which liability has been admitted, and any probative value is substantially outweighed by the danger of confusion of the issues under Rule 403.

30:19-31:6–the objection to Hedberg's description of April Jones crying at the scene is SUSTAINED as irrelevant.  Testimony as to April Jones's action could become relevant as

rebuttal if a suggestion is made, not merely an inference, that April Jones was indifferent to Brewster's injuries.

36:20–38.5–the objection to this testimony is SUSTAINED as irrelevant. The court will discuss more fully the extent to which urinalysis evidence is or is not admissible in this case, but Hedberg's testimony on this point is beyond his personal knowledge and irrelevant.

D. Officer James Daniel

10:8–10:17 and 12:2–14:11 during the telephone conference, counsel for the Plaintiff pointed out that he would only offer that portion of the video tape depicting the accident in question which shows the officer pulling to a stop, followed by the actual accident. Subject to that limitation, the objection is OVERRULED.

36:5–36:21 and 37:7–37:14 the objections to testimony that Daniel rides a motorcycle and was once in an accident with a deer is SUSTAINED. The court will address more fully in connection with the Motion in Limine the admissibility of evidence regarding motorcycles generally, but Officer Daniel's testimony on this point is irrelevant, and any possible probative value is substantially outweighed by the risk of confusion of the issues under Rule 403.

Done this 7th day of December, 2012.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE