**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**


HOWARD SCOTT BREWSTER and )
MELANIE BREWSTER, )
 )
        Plaintiffs, )
 )
v. )               Civil Action No.  3:11cv872-WHA
 )
SOUTHERN HOME RENTALS, LLC, )          (wo)
 )
        Defendant. )

**ORDER**

This cause is before the court on Plaintiffs's Motion in Limine (Doc. #86), Defendant's

Motion in Limine (Doc. #87).

Defendant Southern Home Rentals, LLC moves in limine to exclude five categories of

evidence.

1.  References to evidence to demonstrate wantonness, negligence, or fault for the

accident, or wanton or negligent entrustment.   This motion also includes the portions of the

Deposition Designations to which the Defendant has objected.  Defendant specifically identifies

April Jones's previous tickets and driving history, testimony that Jones should have been

ticketed, the Defendants' training and standards for hiring and retention, commercial fleet

standards, April Jones's arrests or filing for bankruptcy protection, and April Jones's drug screen

after the accident.

Southern Home argues that this evidence is not relevant because it has admitted

negligence in causing the accident and entrusting April Jones with its vehicle.  Southern Home

further argues that if this evidence has some relevance, its probative value is substantially

outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury

under Rule 403.

The parties have agreed to a Consent Order entered by the court (Doc. #108), stating that

the following are not admissible, which renders this motion moot as to these items:

(a) The fact April Jones was not ticketed, or that she should have been

ticketed;

(b) Commercial driving standards and regulations;

(c) Either party's legal or personal background, such as arrests, altercations,

bankruptcies, or other legal problems; and

(d) April Jones' drug screen or result.

Any other evidence which falls within this category of the Defendant's motion have not

been identified by the Defendant, and will have to be taken up at trial.

The Defendant has indicated in response to the Plaintiffs's Motion in Limine that it seeks

to exclude Officer Daniels' dashboard recording of the accident through its Motion in Limine #1.

The court will more fully address that in connection with objections to Plaintiffs's exhibits.

2.  Southern Home also seeks to exclude photographs of Howard Scott Brewster's

injuries, stating that the Plaintiff and doctors may testify to the injuries without resorting to the

cumulative photographs, and that they should be excluded under Rule 403.

The Plaintiffs respond that the photographs are not cumulative because they show

different stages of injury, infection, and healing, and are not unduly prejudicial.   The Plaintiffs

state that there are 20 photos, but the court sees only 15 photographs attached to Plaintiffs'

response to the Defendant's objections to Plaintiffs' exhibits.  Some of the photographs, for

instance, 4.2, 4.3, and 4.4 appear to be nearly identical, whereas those and 4.8 appear to be of

different stages of injury.  The court will allow photographs of different stages to be admitted

because they are not cumulative, and are relevant and not unduly prejudicial, but will exclude

multiple photographs of the same stage of injury, healing, and/or infection.

       3.  Reference to liability insurance, vetting drivers, or totaling out Brewster's motorcycle.

The Defendant contends that evidence of liability insurance ought not be allowed under Fed. R.

Evid. 411.

       The parties have agreed to a Consent Order, entered by the court (Doc. #108) that there

shall be no argument or evidence about liability insurance, nor shall there be reference to

Defendant's insurance company or agent vetting April Jones or making determinations as to her

insurability.  That aspect of the motion is, therefore, due to be DENIED as moot.

       The totaling of the Brewster's motorcycle is said by the Plaintiffs to be relevant if the

Defendant references lack of property damage to minimize injuries.  The Motion in Limine is

therefore due to be GRANTED to the extent that the Plaintiffs are not to mention that the

motorcycle was totaled until taking it up outside the presence of the jury, if evidence of bike

damage is presented by the Defendant.

       4.  References to pleadings or defenses raised or waived.  The Defendant contends that

referring to its initial denial of liability or assertion of contributory negligence is due to be

excluded under Rule 403.  The Plaintiffs state that they seek to admit this evidence only if the

Defendant takes the position that the lawsuit has always only been about money.   Therefore, the

Motion in Limine is due to be GRANTED to the extent that the Plaintiffs are not to mention

defenses raised in the pleadings without taking it up outside the presence of the jury.

5.  Evidence that the Brewsters must pay medical expenses covered by Blue Cross and Blue Shield.  This aspect of the Defendant's Motion in Limine is discussed below in connection with the Plaintiffs's Motion in Limine on the same subject matter.

The Plaintiffs have moved in limine to exclude eight categories of evidence.

1.  The Plaintiffs seek to exclude evidence of adverse financial consequences of a verdict to Southern Home, or the business community.  They argue that this evidence is irrelevant, may cause the jury to calculate damages based on sympathy, and is misleading as insurance will cover the verdict.

The parties have entered into a Consent Order, entered by the court (Doc. #108), which moots this motion, as follows:  There shall be no argument or evidence that Defendant or its members/employees would be personally responsible for a verdict or that a verdict would lead to adverse consequences for Defendant or the community or jurors.

2.  The Plaintiffs ask the court to exclude evidence of April Jones's mental distress caused by the accident.  This includes evidence that April Jones went to counseling and that she was crying at the accident scene.  The Plaintiffs contend that the evidence has no probative value and is prejudicial and distracting.

The Defendant argues that if the Plaintiff is allowed to show the video of the accident scene, it ought to be able to show the portion indicating that April Jones.   The court agrees that the evidence that April Jones went to counseling is due to be excluded under Rule 403 as presenting a danger of confusion of the issues, and that the sound of April Jones crying on the video will be allowed only if it is in response to the Plaintiffs opening the door to the relevance of her emotional response to the accident.  The Defendant is not to discuss April Jones's reaction

without first taking it up outside of the presence of the jury.

3.  The Plaintiffs ask the court to preclude the Defendant from equating the award of a verdict to winning the lottery.  The Plaintiffs argue that the metaphor is inaccurate and unduly prejudicial and due to be excluded under Rule 403.

The parties have entered into a Consent Order, entered by the court (Doc. #108), which moots this motion, as follows:  There shall be no evidence or argument that Plaintiffs are playing the "litigation lottery" or that otherwise equates the jury's verdict or the civil justice system to gambling.

4.  Marijuana use and a positive drug test.  The Plaintiffs state that within Howard Scott Brewster's personnel file is documentation that in 2007 Brewster was involved in a forklift accident, was given a drug test, and was terminated.  He was rehired seven months later and has no discipline problems.  The Plaintiffs contend that this evidence has no probative value and is unduly prejudicial.

The Plaintiffs contend that although the Defendant may attempt to argue that the evidence is relevant to future lost earning capacity, the Alabama Supreme Court has rejected such an argument.   In *J.B. Hunt Transp., Inc. v. Credeur*, 681 So. 2d 1355, 1361-62 (Ala. 1996), the court upheld the lower court's disallowance of questioning about the plaintiff's termination from a previous trucking job due to use of alcohol.  The court noted that there was no evidence that the Plaintiff's record, including that termination, would preclude him from all employment.  *Id.*

The *J.B. Hunt* case is persuasive to the extent that it indicates that there must be a foundation to show that drug use is relevant to the damages a plaintiff seeks to be admissible. The Eleventh Circuit's *Haney v. Mizell Mem. Hospital*, 744 F.2d 1467 (11th Cir. 1984) case,

relied on by the Defendant, explains that prior drug use can be relevant in a case in which

damages are sought for future mental anguish and loss of earnings. *Haney*, 744 F.2d at 1475.  In

the case, however, the court upheld a finding of relevance because medical testimony showed

that the drug problem would affect full rehabilitation and that the vocational outlook would be

brighter without the drug problem, and the evidence was relevant "to rebut testimony offered by

[the plaintiff] pertaining to his lifestyle and quality of life before the accident." *Id.* The Eleventh

Circuit also explained that the Rule 403 balancing test must be applied even if the evidence is

relevant, but upheld the finding of admissibility in that case. *Id.* at 1476.

Other courts have concluded that use of testimony about substance abuse must be linked

with evidence about life expectancy to be probative.  *See, e.g., Meller v. Heil Co.,* 745 F.2d 1297,

1303 (10th Cir. 1984) (hashish pipes); *Clausell v. Buckney*, 475 So. 2d 1023, 1025 (DCA 1st

Dist. Fla. 1985) (marijuana).

Howard Scott Brewster seeks damages for future injury.   Counsel for the Plaintiffs

conceded during a telephone conference that evidence of Howard Scott Brewster's use of tobacco

cigarettes is admissible for the jury to consider in deciding his damages in this case.  It may be

that marijuana use is also relevant to those damages. The relevance will have to be developed

through other testimony, such as a link to his employment prospects or life expectancy, or to

rebut testimony he himself presents, as in the *Haney* case.   Even upon a finding of relevance,

however, the court still has to conduct Rule 403 balancing.  While the court is skeptical about

whether such evidence will be admissible, in light of *Haney*, the court will not preclude the

admissibility of the evidence, but will require the Defendant to establish its admissibility, in

accordance with the case law outlined above, outside of the presence of the jury.  Therefore, the

Motion in Limine as to Brewster's drug test at work, and marijuana use in the medical records

which have been identified as exhibits for trial, is due to be GRANTED to the extent that the

Defendant is not to mention Brewster's marijuana use without first taking up the relevance and

Rule 403 balancing of such evidence outside of the presence of the jury.

5.  Argument that motorcycles are inherently dangerous.  The Plaintiff says that witnesses

were questioned during depositions about motorcycles being more dangerous than cars, but that

such testimony is not relevant because riding motorcycles is lawful, and motorcycles are not

inherently dangerous products.

The Defendant responds that Brewster's lifestyle choices and the impact that they may

have on whether the Plaintiff achieved an "average" lifespan referenced in the mortality tables is

relevant in this case.  The Motion in Limine is due to be GRANTED to the extent that the

Defendant must take this evidence up outside of the presence of the jury and lay an appropriate

foundation for introducing evidence about the dangerousness of motorcycles, but if there is

evidence that Brewster is still riding motorcycles, or will be in the future, argument about that

choice may be admissible.

6.  Speculation as to whether the Plaintiff could have avoided the crash.  The Plaintiff

states that this evidence is improper, and not relevant because liability has been admitted.

The parties have entered into a Consent Order, entered by the court (Doc. #8), which

moots this motion, as follows:  There shall be no argument or evidence that Plaintiff

could or should have done something different to avoid this crash or his injuries.

7.  Collateral source payment of medical expenses.

The parties have filed cross-motions in limine as to evidence of insurance coverage of

medical expenses.

The Defendant contends that *Ala. Code* § 12-21-45 is a substantive rule of law and allows evidence that bills will be paid or reimbursed, so that the Plaintiffs may not introduce evidence that they are liable to pay medical expenses paid by a third party.

The Plaintiffs explain that at the time of the accident at issue, Brewster did not have health insurance. He enrolled in Blue Cross and Blue Shield insurance through his employer in January 2012, but has been denied coverage as to most of his already-incurred expenses.

The parties have entered into a stipulation (Doc. #96) that Scott Brewster underwent medical treatment for his injuries sustained in this collision on June 9, 2011. The outstanding billed amount for that treatment is $109,955.32. The Defendant wishes to argue that the expenses might actually turn out to be less if providers agree to accept reduced amounts in line with what he would have received if there had been Blue Cross and Blue Shield coverage.

The Plaintiff argues that with regard to future medical expenses, there are complex issues of whether he will continue to have coverage, and what benefits will be provided, and that the Defendant should not be allowed to question or argue about the possibility that the Plaintiff may have medical insurance coverage in the future under the new Affordable Care Act.

The court finds that questions or arguments as to the possibility of discounts on past or future medical expense and the possibility of future insurance coverage would be too speculative to be relevant, or if relevant at all, any probative value of this evidence is substantially outweighed by the danger of confusion of the issues and misleading the jury. The Motion in Limine is due to be GRANTED as to this evidence or argument. However, if the Plaintiffs should go beyond simply presenting evidence of past charges and of prospective charges and

suggest that the full amounts will necessarily be required to be paid in the full amounts out of any recovery, the court will consider a contention that the door has been opened to respond.

8.  Surveillance footage.  The parties have filed a stipulation as to surveillance footage, so this motion in limine is due to be DENIED as moot.

For the foregoing reasons, it is hereby ORDERED as follows:

1.  The Plaintiffs' Motion in Limine (Doc. #86) is GRANTED in part, DENIED in part, and DENIED as moot in part, as set out above.

2.   The Defendant's Motion in Limine (Doc. #87) is GRANTED in part, DENIED in part, and DENIED as moot in part, as set out above.

Done this 7th day of December, 2012.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE