IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| HOWARD SCOTT BREWSTER and MELANIE BREWSTER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No.  3:11cv872-WHA |
| SOUTHERN HOME RENTALS, LLC, | ) ) | (wo) |
| Defendant. | ) | |

**ORDER**

This cause is before the court on Objections to Exhibit Lists filed by the Plaintiffs (Doc. #83) and the Defendant (Doc. #90).

The Plaintiffs object to Defendant's Exhibits 1, 2, 3, 4, 5, 6, 7, 18, 38, 39, 42, and 43.

With respect to Exhibits 1, and 3-6, which are medical records, the Plaintiffs concede that portions of the records are admissible, but contend that they need to be redacted to remove irrelevant items, such as treatment for an unrelated kidney stone in Exhibit 1, or unduly prejudicial items, such as a reference to marijuana used in Exhibit 3.

The Defendant responds that evidence regarding marijuana and cigarette use bear on Howard Scott Brewster's ("Brewster") health and longevity and the jury should be able to infer that a person who smokes cigarettes and marijuana may have his life expectancy impacted.  The Defendant also argues that the evidence may go towards the Plaintiff's pain and suffering and Melanie Brewster's loss of consortium.

The parties subsequently agreed that the objection to Exhibits 1-6 is due to be overruled as moot, because these exhibits will not be offered as presently constituted (Doc. #98).  However,

the evidence about marijuana use is governed by the court's ruling on Plaintiff's Motion in Limine as to the same subject matter. As discussed with the parties during a telephone conference, the evidence of tobacco cigarette use within these documents appears to be permissible. The Plaintiff conceded this point during the telephone conference.

Exhibit 7 is Brewster's employment record. He contends that the portions of it which reference a drug test and termination are due to be excluded for the reasons expressed in his separate motion in limine. The admissibility of that evidence is governed by the court's ruling on the Motion in Limine.

Exhibit 18–is a photograph of the van involved in the accident. The Plaintiff seeks to exclude this particular photograph because Plaintiffs's counsel is depicted in it. The parties agree that this exhibit is inadmissible (Doc. #98) so that the objection to this exhibit is due to be OVERRULED as moot.

Exhibits 38, 39, 42, and 43 are catch-all identifications, and the Plaintiffs object to them on that basis. The Defendant does not respond to this objection, therefore, it is due to be SUSTAINED.

The Defendant objects to Plaintiffs's Exhibits 1, 2, 4.1-4.15.1, 5.1-5.3, 7, 8. 14.2, 14.3, 14.8, 14.10-14.16, 17, 19, 20, 21-22, 23, 40, 41-41.4, 45-51, 54-55, 53, 59, and 60-68.

As to exhibits 1, 2, 17, 19, 20, 23, 25-39, and 58, the Defendant objects on grounds of relevancy, stating that these exhibits are not relevant, and would be unduly prejudicial, because liability has been admitted in this case.

The parties have subsequently agreed that Plaintiffs's Exhibit 2, the full dashboard camera video and Exhibit 19, the E-crash report will not be admitted, so those objections are due

to be OVERRULED as moot.

Exhibits 4.1-4.15 and 5.1-5.3 which are wound and skin graft photographs are objected to under Rule 403. The Defendant contends that even if some of the photographs would be admissible, admitting all of them would be cumulative and unduly prejudicial. These exhibits are governed by the court's ruling on the Motion in Limine on the same subject, therefore, the court will reserved ruling on specific photographs until they might be offered as governed by that ruling after the laying of a sufficient foundation.

Exhibit 7 is an illustration of fixation of tibial plateau fracture surgery. The Defendant argues that the exhibit is larger than scale and therefore will tend to confuse and mislead the jury. The Plaintiffs respond with a portion of Dr. Lyle's deposition testimony in which he states that the leg is slightly smaller in the depiction but the "magnitude of the wound, this is - - this is a correct depiction." (Doc. #97, Ex. A at p. 28:18-22). The objection to the exhibit, as stated, is due to be OVERRULED. The exhibit will be admitted after the foundation is laid by deposition testimony of Dr. Lyle.

Plaintiffs's Exhibit 8 is an illustration of calf surgery which the Defendant states is cumulative of exhibits 5.1-5.3. The objection is due to be OVERRULED. As with Exhibit 7, the court will admit this after the foundation is laid by deposition testimony of Dr. Meadows.

Exhibits 14.2, 14.3, 14.8, 14.10-14.16 are photographs of the van. The Defendant objects that these photographs are not relevant to any matter at issue.

The parties have stipulated that 14.2, 14.8, 14.10-14.16 will not be used, so that the objection is due to be OVERRULED as moot as to those exhibits. The Defendant's objection to 14.3 appears to be that it is a photograph which shows Tennessee licence plates. The Plaintiffs

state that the photograph is being offered to show the vehicle damage which is particularly probative if the Defendant is allowed to admit photographs of the motorcycle.  The Plaintiffs state that there is nothing prejudicial about the Tennessee license plates.  The objection is due to be OVERRULED with the admonition that the Plaintiff is not to call attention to the Tennessee license plates.

Exhibits 17 and 20 are a police report and a fire department report.  The parties have stipulated (Doc. #98) that Exhibits 17 and 20 are not automatically admissible and 17 will only be used to refresh the recollection of Officer Daniel and ask the court to defer ruling.  Therefore, the court will defer ruling on these objections, but the Plaintiffs are directed to furnish the court with the reports in advance of trial.

Exhibits 21 and 22 are a statement by Dr. Lyle and a letter from Dr. Lyle to Kathy Willard. The Plaintiffs state that these exhibits will not be offered as exhibits, but might be referred to by Kathy Willard.  Therefore, the objections are due to be SUSTAINED as to admitting them as exhibits.  The court will rule on any objections that may be made at trial as to references to them.

Exhibit 23 is Southern Home Rental's "Criteria for Driving Privileges."  The Plaintiffs contend that this exhibit is relevant even though liability has been admitted.  The court finds no relevance to this exhibit, because liability has been admitted, and even if the exhibit has some relevance, its probative value is substantially outweighed by the danger of confusing the issues and misleading the jury under Rule 403.  The objection is due to be SUSTAINED.

As to Plaintiffs's Exhibits 25-29, the parties have stipulated that the exhibits will not be used unless Jones testifies and there is something relevant within the documents to impeach her

testimony. Therefore, the court will defer ruling on those objections.

Although there is no stipulation as to Exhibits 30-33, also pertaining to Jones, the court will similarly defer ruling on those exhibits.

As to Exhibits 34-39–the parties have stipulated that with admitted liability, these documents will not be used. They have asked the court to defer ruling on the admissibility of the exhibits and state that it is highly unlikely the documents will be used at trial.  The court finds no relevance of the evidence given admitted liability in this case, but will defer ruling as the parties have requested.

Plaintiffs's Exhibits 30-33 are documents relating to April Jones's driving record. The Plaintiffs state that if the court agrees to precharge the jury, or the Defendant agrees to the facts that the Defendant knew facts about Jones's record that should have led it not to entrust the vehicle to her, then the documents will not be tendered.  The exhibits are April Jones's prior driving record records and an April 2001 police report.  The court finds no relevance, and finds that Rule 403 balancing may require exclusion of these exhibits, but will defer ruling as the parties have requested.

Exhibits 40, 41-41.4 are Kathy Willard's report, affidavit, and exhibits. The parties have stipulated that these exhibits will not be tendered but will only be used to refresh or cross-examine Willard. The parties have asked the court to defer ruling on these objections.

There is no stipulation as to Plaintiffs's Exhibit 44.  The Plaintiffs describe this as a listing of the future medical needs that Dr. Lyle has testified that Brewster will need.  The Defendants object on hearsay and cumulativeness grounds.  The court will defer ruling on these exhibits.  However, during a telephone conference with the parties the court clarified that the

portion of Exhibit 44 which may be shown to the jury based only on Dr. Lyle's deposition excerpts is the first page, with the figures attributed to medical services redacted from the document.

As to Plaintiffs's Exhibits 45-51, the parties have stipulated that the exhibits will likely not be used except to refresh or rehabilitate Willard and have asked the court to defer ruling, so the court will do so.

Plaintiffs's Exhibit 53 is Brewster's performance review. The Defendant objects that it is not relevant, or due to be excluded under Rule 403. The Plaintiffs ask the court to defer ruling, stating that the Plaintiffs may need to use the exhibit in questioning Brewster's employer. The court will defer ruling.

Plaintiffs's Exhibits 54-55 are Whitney Morgan's fee schedule and Whitney Morgan's deposition invoice. The Plaintiffs state that the Defendant will question their expert as to having been retained, so the Plaintiffs ought to be able to show that the Defendant also hired an expert. Based on the witness list, it does not appear that this witness will be called to testify at trial. Therefore, there is no relevance to these exhibits, and the objection is due to be SUSTAINED.

Plaintiffs's Exhibit 59 is an exhibit regarding past medical expenses. The parties have entered into a stipulation regarding past medical expenses. This objection is therefore due to be SUSTAINED.

Exhibits 60-68 are catch all designations, which the Defendant has objected to, and the Plaintiffs have not responded. The objection is due to be SUSTAINED.

For the reasons discussed, the objections are OVERRULED in part, OVERRULED in part as moot, and SUSTAINED in part, and the court will defer ruling on some objections, as

indicated above.

Done this 7th day of December, 2012.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE